United States District Court
Central District of Illinois
Urbana Division

ORDER OF DETENTION PENDING TRIAL

**United States of America**                                           Case Number:  06-7226

v.

**DANNY W. ORR**

  In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### PART I - FINDINGS OF FACT

❒   (1)   The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is:
   ❒   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ❒   an offense for which the maximum sentence is life imprisonment or death.
   ❒   an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
   ❒   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

❒   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

❒   (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

❒   (4)   Finding Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### ALTERNATE FINDINGS (A)

❒   (1)   There is probable cause to believe that the defendant has committed an offense:

  ☐  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐  under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ALTERNATE FINDINGS (B)

☐ (1) There is a serious risk that the defendant will not appear.
**X** (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - Written Statement of Reasons for Detention

  I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence)(a preponderance of the evidence) that:

**The decision to detain is based exclusively on the nature of the charged offense and the substantial evidence contained in the Affidavit in support of the Criminal Complaint. The Court has found probable cause to believe that this individual was actively engaged in recruiting what he thought was a young woman with two very young children to leave Illinois and go to Michigan. He was not offering refuge. He was enticing the woman to bring her children for purposes of sex. He indicated that he would "train" the children. He spoke of sexual contact and conduct. He also referred to slavery with him as the master. He indicated that he had "trained" other people in the past. A person who preys on young children represents a serious danger to the community. His detention is called for.**

### PART III - Directions Regarding Detention

  The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

  ENTER this 30th day of October, 2006.

                s/ DAVID G. BERNTHAL
                U.S. MAGISTRATE JUDGE