E-FILED
Thursday, 03 January, 2008  01:23:56 PM
Clerk, U.S. District Court, ILCD

MEMBERS OF THE JURY, YOU HAVE SEEN AND HEARD ALL THE EVIDENCE. NOW I WILL INSTRUCT YOU ON THE LAW.

YOU HAVE TWO DUTIES AS A JURY.  YOUR FIRST DUTY IS TO DECIDE THE FACTS FROM THE EVIDENCE IN THE CASE.  THIS IS YOUR JOB, AND YOURS ALONE.

YOUR SECOND DUTY IS TO APPLY THE LAW THAT I GIVE YOU TO THE FACTS.  YOU MUST FOLLOW THESE INSTRUCTIONS, EVEN IF YOU DISAGREE WITH THEM.  EACH OF THE INSTRUCTIONS IS IMPORTANT, AND YOU MUST FOLLOW ALL OF THEM.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY.  DO NOT ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO INFLUENCE YOU.  YOU SHOULD NOT BE INFLUENCED BY ANY PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY, OR SEX.

NOTHING I SAY NOW, AND NOTHING I SAID OR DID DURING THE TRIAL, IS MEANT TO INDICATE ANY OPINION ON MY PART ABOUT WHAT THE FACTS ARE OR ABOUT WHAT YOUR VERDICT SHOULD BE.

GOVERNMENT INSTRUCTION NO.   1

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.01

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY.  IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES.  YOUR NOTES ARE NOT EVIDENCE.  IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.  NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

GOVERNMENT INSTRUCTION NO. __2__

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

I HAVE TAKEN JUDICIAL NOTICE OF CERTAIN FACTS THAT MAY BE REGARDED AS MATTERS OF COMMON KNOWLEDGE.  YOU MAY ACCEPT THOSE FACTS AS PROVED, BUT YOU ARE NOT REQUIRED TO DO SO.

GOVERNMENT INSTRUCTION NO.  __3__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.02

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

GOVERNMENT INSTRUCTION NO. __4__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.02

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE

WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL,

AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH

WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER,

AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR,

OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF

ALL THE EVIDENCE IN THE CASE.

YOU SHOULD JUDGE THE DEFENDANT'S TESTIMONY IN THE SAME WAY

THAT YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS.

GOVERNMENT INSTRUCTION NO. __5__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.03

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL, AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER, AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.   6

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.03

YOU SHOULD USE COMMON SENSE IN WEIGHING THE EVIDENCE AND CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN OBSERVATIONS IN LIFE.

IN OUR LIVES, WE OFTEN LOOK AT ONE FACT AND CONCLUDE FROM IT THAT ANOTHER FACT EXISTS.  IN LAW WE CALL THIS "INFERENCE."  A JURY IS ALLOWED TO MAKE REASONABLE INFERENCES.  ANY INFERENCES YOU MAKE MUST BE REASONABLE AND MUST BE BASED ON THE EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.    7

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.04

SOME OF YOU HAVE HEARD THE PHRASES "CIRCUMSTANTIAL EVIDENCE" AND "DIRECT EVIDENCE."  DIRECT EVIDENCE IS THE TESTIMONY OF SOMEONE WHO CLAIMS TO HAVE PERSONAL KNOWLEDGE OF THE COMMISSION OF THE CRIME WHICH HAS BEEN CHARGED, SUCH AS AN EYEWITNESS.

CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A SERIES OF FACTS WHICH TEND TO SHOW WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  YOU SHOULD DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.  ALL THE EVIDENCE IN THE CASE, INCLUDING THE CIRCUMSTANTIAL EVIDENCE, SHOULD BE CONSIDERED BY YOU IN REACHING YOUR VERDICT.

GOVERNMENT INSTRUCTION NO. __8__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.05

CERTAIN THINGS ARE NOT EVIDENCE.  I WILL LIST THEM FOR YOU:

FIRST, TESTIMONY AND EXHIBITS THAT I STRUCK FROM THE RECORD, OR THAT I TOLD YOU TO DISREGARD,  ARE NOT EVIDENCE AND MUST NOT BE CONSIDERED.

SECOND, ANYTHING THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.  THIS INCLUDES ANY PRESS, RADIO, OR TELEVISION REPORTS YOU MAY HAVE SEEN OR HEARD.  SUCH REPORTS ARE NOT EVIDENCE AND YOUR VERDICT MUST NOT BE INFLUENCED IN ANY WAY BY SUCH PUBLICITY.

THIRD, QUESTIONS AND OBJECTIONS BY THE LAWYERS ARE NOT EVIDENCE.  ATTORNEYS HAVE A DUTY TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER.  YOU SHOULD NOT BE INFLUENCED BY ANY OBJECTION OR BY MY RULING ON IT.

FOURTH, THE LAWYERS' STATEMENTS TO YOU ARE NOT EVIDENCE.  THE PURPOSE OF THESE STATEMENTS IS TO DISCUSS THE ISSUES AND THE EVIDENCE. IF THE EVIDENCE AS YOU REMEMBER IT DIFFERS FROM WHAT THE LAWYERS SAID, YOUR MEMORY IS WHAT COUNTS.

GOVERNMENT INSTRUCTION NO.  __9__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.06

IT IS PROPER FOR AN ATTORNEY TO INTERVIEW ANY WITNESS IN

PREPARATION FOR TRIAL.

GOVERNMENT INSTRUCTION NO.  10

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.07

THE INDICTMENT IN THIS CASE IS THE FORMAL METHOD OF ACCUSING THE DEFENDANT OF AN OFFENSE AND PLACING THE DEFENDANT ON TRIAL.  IT IS NOT EVIDENCE AGAINST THE DEFENDANT AND DOES NOT CREATE ANY INFERENCE OF GUILT.

THE DEFENDANT, DANNY W. ORR, IS CHARGED WITH ONE COUNT OF USING A FACILITY AND MEANS OF INTERSTATE COMMERCE, INCLUDING INTERNET COMMUNICATIONS, A MEANS OF INTERSTATE COMMERCE, TO KNOWINGLY PERSUADE, INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE (COUNT 1) AND ONE COUNT OF KNOWINGLY AND INTENTIONALLY ATTEMPTING TO PERSUADE, INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO TRAVEL IN INTERSTATE COMMERCE TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE (COUNT 2). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

GOVERNMENT INSTRUCTION NO. __11__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 2.01

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 06-20074 |
| | ) | Violations: Title 18, United |
| vs. | ) | States Code, Sections 2422(b) |
| | ) | and 2422(a). |
| DANNY W. ORR, | ) | |
| | ) | |
| Defendant. | ) | |

## **I N D I C T M E N T**

THE GRAND JURY CHARGES THAT:

### **COUNT 1**

From on or about July 19, 2006, and continuing to on or about September 11, 2006, in the Central District of Illinois, and elsewhere, the defendant,

**DANNY W. ORR,**

used a facility and means of interstate commerce, including Internet communications, a means of interstate commerce, to knowingly attempt to persuade, induce, entice, and coerce a minor who had not attained the age of 18 to engage in sexual activity for which the defendant could have been charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2422(b).

## COUNT 2

On or about September 5, 2006, in the Central District of Illinois, and elsewhere, the defendant,

**DANNY W. ORR**,

knowingly and intentionally attempted to persuade, induce, entice, and coerce a minor who had not attained the age of 18 to travel in interstate commerce to engage in sexual activity for which the defendant could have been charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2422(a).

A TRUE BILL.


s/Foreperson_____
FOREPERSON


s/Bradley W. Murphy for_____
RODGER A. HEATON
UNITED STATES ATTORNEY
TB

GOVERNMENT'S INSTRUCTION NO. __12__

THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CHARGES.  THIS PRESUMPTION CONTINUES DURING EVERY STAGE OF THE TRIAL AND YOUR DELIBERATIONS ON THE VERDICT.  IT IS NOT OVERCOME UNLESS FROM ALL THE EVIDENCE IN THE CASE YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY AS CHARGED.  THE GOVERNMENT HAS THE BURDEN OF PROVING THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT.

THIS BURDEN OF PROOF STAYS WITH THE GOVERNMENT THROUGHOUT THE CASE.  THE DEFENDANT IS NEVER REQUIRED TO PROVE HIS INNOCENCE OR TO PRODUCE ANY EVIDENCE AT ALL.

GOVERNMENT INSTRUCTION NO.  _13__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 2.03

THE DEFENDANT HAS AN ABSOLUTE RIGHT NOT TO TESTIFY. THE FACT

THAT THE DEFENDANT DID NOT TESTIFY SHOULD NOT BE CONSIDERED BY YOU

IN ANY WAY IN ARRIVING AT YOUR VERDICT.

GOVERNMENT INSTRUCTION NO.   14

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.01

YOU HAVE HEARD EVIDENCE OF A STATEMENT SAID TO BE MADE BY THE DEFENDANT TO LAW ENFORCEMENT AGENTS. YOU MUST DECIDE WHETHER THE DEFENDANT DID IN FACT MAKE THE STATEMENT. IF YOU FIND THAT THE DEFENDANT DID MAKE THE STATEMENT, THEN YOU MUST DECIDE WHAT WEIGHT, IF ANY, YOU FEEL THE STATEMENT DESERVES. IN MAKING THIS DECISION, YOU SHOULD CONSIDER ALL MATTERS IN EVIDENCE HAVING TO DO WITH THE STATEMENT, INCLUDING THOSE CONCERNING THE DEFENDANT HIMSELF, AND THE CIRCUMSTANCES UNDER WHICH THE STATEMENT WAS MADE.

GOVERNMENT INSTRUCTION NO.   15

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.02

YOU HAVE HEARD WITNESSES GIVE OPINIONS ABOUT MATTERS
REQUIRING SPECIAL KNOWLEDGE OR SKILL.  YOU SHOULD JUDGE THIS
TESTIMONY IN THE SAME WAY THAT YOU JUDGE THE TESTIMONY OF ANY
OTHER WITNESS.  THE FACT THAT SUCH A PERSON HAS GIVEN AN OPINION DOES
NOT MEAN THAT YOU ARE REQUIRED TO ACCEPT IT.  GIVE THE TESTIMONY
WHATEVER WEIGHT YOU THINK IT DESERVES, CONSIDERING THE REASONS
GIVEN FOR THE OPINION, THE WITNESS' QUALIFICATIONS, AND ALL OF THE
OTHER EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.   16

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.07

A STATEMENT MADE BY THE DEFENDANT BEFORE TRIAL THAT IS INCONSISTENT WITH THE DEFENDANT'S TESTIMONY HERE IN COURT MAY BE USED BY YOU AS EVIDENCE OF THE TRUTH OF THE MATTERS CONTAINED IN IT, AND ALSO IN DECIDING THE TRUTHFULNESS AND ACCURACY OF THE DEFENDANT'S TESTIMONY IN THIS TRIAL.

GOVERNMENT INSTRUCTION NO.  17

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION NO. 3.10

CERTAIN SUMMARIES ARE IN EVIDENCE. THEY TRULY AND ACCURATELY SUMMARIZE THE CONTENTS OF VOLUMINOUS BOOKS, RECORDS, OR DOCUMENTS, AND SHOULD BE TOGETHER WITH AND IN THE SAME WAY AS ALL OTHER EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.  __18__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.15

TO SUSTAIN THE CHARGE OF USING A FACILITY AND MEANS OF INTERSTATE COMMERCE, INCLUDING INTERNET COMMUNICATIONS, A MEANS OF INTERSTATE COMMERCE, TO KNOWINGLY PERSUADE, INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE, AS CHARGED IN COUNT 1 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT USED A FACILITY OR MEANS OF INTERSTATE COMMERCE TO KNOWINGLY ATTEMPT TO PERSUADE, INDUCE, OR ENTICE AN INDIVIDUAL UNDER THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY: AND

SECOND: THAT THE DEFENDANT BELIEVED THAT SUCH INDIVIDUAL WAS LESS THAN 18 YEARS OF AGE; AND

THIRD: THAT IF THE SEXUAL ACTIVITY HAD OCCURRED, THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE UNDER THE LAW OF ILLINOIS.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

GOVERNMENT'S INSTRUCTION NO. __19__

18 U.S.C. § 2422(b)

TO SUSTAIN THE CHARGE OF KNOWINGLY AND INTENTIONALLY ATTEMPTING TO PERSUADE, INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO TRAVEL IN INTERSTATE COMMERCE TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE, AS CHARGED IN COUNT TWO OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT KNOWINGLY ATTEMPTED TO PERSUADE, INDUCE, OR ENTICE AN INDIVIDUAL UNDER THE AGE OF 18 TO TRAVEL IN INTERSTATE COMMERCE TO ENGAGE IN SEXUAL ACTIVITY; AND

SECOND: THAT THE DEFENDANT BELIEVED THAT SUCH INDIVIDUAL WAS LESS THAN 18 YEARS OF AGE; AND

THIRD: THAT IF THE SEXUAL ACTIVITY HAD OCCURRED, THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE UNDER THE LAW OF ILLINOIS.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

GOVERNMENT'S INSTRUCTION NO.   20

18 U.S.C. § 2422(a)

TO "ATTEMPT" MEANS THAT THE DEFENDANT KNOWINGLY TOOK A
SUBSTANTIAL STEP TOWARD THE COMMISSION OF THE OFFENSE WITH THE
INTENT TO COMMIT THAT OFFENSE.

GOVERNMENT INSTRUCTION NO.  __21__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 4.07

THE INTERNET IS A FACILITY OR MEANS OF INTERSTATE COMMERCE.

GOVERNMENT'S INSTRUCTION NO.   22

United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997) ("Transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce.")

AN ACTUAL MINOR VICTIM IS NOT REQUIRED TO PROVE AN ATTEMPT TO

PERSUADE, INDUCE, OR ENTICE AN INDIVIDUAL UNDER THE AGE OF 18 TO

ENGAGE IN SEXUAL ACTIVITY, AS CHARGED IN THE INDICTMENT. THE

DEFENDANT'S BELIEF THAT A MINOR WAS INVOLVED IS SUFFICIENT.

GOVERNMENT'S INSTRUCTION NO.   23

United States v. Meek, 366 F.3d 705, 717 (9th Cir. 2004) ("We join our sister circuits in

concluding that 'an actual minor victim is not required for an attempt conviction under 18 U.S.C.

§ 2422(b).'"); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002) ("[A]n actual minor

victim is not required for an attempt conviction under 18 U.S.C. § 2422(b).... [Defendant's] belief

that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. §

2422(b)."); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001) (defendant's belief that

subject was 14—year—old girl sufficient)

THE INDICTMENT CHARGES THAT THE OFFENSES WERE COMMITTED "ON OR ABOUT" CERTAIN DATES.  THE GOVERNMENT MUST PROVE THAT THE OFFENSES HAPPENED REASONABLY CLOSE TO THOSE DATES, BUT IS NOT REQUIRED TO PROVE THAT THE ALLEGED OFFENSES HAPPENED ON THOSE EXACT DATES.

GOVERNMENT INSTRUCTION NO.  __24__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 4.04

WHEN THE WORD "KNOWINGLY" IS USED IN THESE INSTRUCTIONS, IT MEANS THAT THE DEFENDANT REALIZED WHAT HE WAS DOING AND WAS AWARE OF THE NATURE OF HIS CONDUCT, AND DID NOT ACT THROUGH IGNORANCE, MISTAKE OR ACCIDENT. KNOWLEDGE MAY BE PROVED BY THE DEFENDANT'S CONDUCT, AND BY ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE

THE TERMS "PERSUADE, INDUCE," AND "ENTICE" HAVE PLAIN AND ORDINARY MEANINGS IN THE STATUTE. YOU MAY USE YOUR ORDINARY UNDERSTANDING OF THESE TERMS TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE FIRST ELEMENT OF THE CRIMES CHARGED, AS I HAVE JUST INSTRUCTED YOU..

GOVERNMENT INSTRUCTION NO. __25__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 4.06 (MODIFIED); United States v. Dhinpra, 371 F.3d 557, 567 (9th Cir. 2004) ("The terms 'persuade,' 'induce,' and 'entice' have plain and ordinary meanings within the statute, and the court had no obligation to provide further definitions.")

INTERSTATE COMMERCE INVOLVES TRAVEL OR TRANSPORTATION

BETWEEN ANY PLACE IN A STATE AND ANY PLACE OUTSIDE THAT STATE.

GOVERNMENT INSTRUCTION NO.  __26__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, p.209 (definition of interstate

commerce)

EACH COUNT OF THE INDICTMENT CHARGES THE DEFENDANT WITH HAVING COMMITTED A SEPARATE OFFENSE.

EACH COUNT AND THE EVIDENCE RELATING TO IT SHOULD BE CONSIDERED SEPARATELY, AND A SEPARATE VERDICT SHOULD BE RETURNED AS TO EACH COUNT. YOUR VERDICT OF GUILTY OR NOT GUILTY OF AN OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR DECISION AS TO ANY OTHER COUNT.

GOVERNMENT INSTRUCTION NO. __27__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.03

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR REPRESENTATIVE HERE IN COURT.

A FORM OF VERDICTS HAVE BEEN PREPARED FOR YOU.

TAKE THIS FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN AND DATE THE FORM, AND EACH OF YOU WILL SIGN IT.

GOVERNMENT INSTRUCTION NO.   _28_

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.01

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

GOVERNMENT INSTRUCTION NO.  29

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.05

THE VERDICTS MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  YOUR VERDICTS, WHETHER THEY BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT. IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS.  DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND.  DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG.  BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

GOVERNMENT INSTRUCTION NO.  __30__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.06

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20074 |
| | ) | VIOLATION: TITLE 18, |
| vs. | ) | STATES CODE, SECTION |
| | ) | 2422(b) AND 2422(a) |
| DANNY W. ORR, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, DANNY W. ORR

_____ OF THE OFFENSE OF USING A FACILITY AND MEANS
(GUILTY, NOT GUILTY)

OF INTERSTATE COMMERCE, INCLUDING INTERNET COMMUNICATIONS, A

MEANS OF INTERSTATE COMMERCE, TO KNOWINGLY ATTEMPT TO PERSUADE,

INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF

18 TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE

BEEN CHARGED WITH A CRIMINAL OFFENSE.

WE, THE JURY, FIND THE DEFENDANT, DANNY W. ORR,

_____ OF THE OFFENSE OF KNOWINGLY AND
(GUILTY, NOT GUILTY)

INTENTIONALLY ATTEMPTING TO PERSUADE, INDUCE, ENTICE, AND COERCE A

MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO TRAVEL IN INTERSTATE

COMMERCE TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT

COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

FOREPERSON

GOVERNMENT'S INSTRUCTION NO. __31_____