**E-FILED**
Monday, 04 February, 2008  11:11:25 AM
Clerk, U.S. District Court, ILCD

MEMBERS OF THE JURY, YOU HAVE SEEN AND HEARD ALL THE EVIDENCE AND WILL SHORTLY HEAR THE ARGUMENTS OF THE ATTORNEYS.  NOW I WILL INSTRUCT YOU ON THE LAW.

YOU HAVE TWO DUTIES AS A JURY.  YOUR FIRST DUTY IS TO DECIDE THE FACTS FROM THE EVIDENCE IN THE CASE.  THIS IS YOUR JOB, AND YOURS ALONE.

YOUR SECOND DUTY IS TO APPLY THE LAW THAT I GIVE YOU TO THE FACTS. YOU MUST FOLLOW THESE INSTRUCTIONS, EVEN IF YOU DISAGREE WITH THEM. EACH OF THE INSTRUCTIONS IS IMPORTANT, AND YOU MUST FOLLOW ALL OF THEM.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY.  DO NOT ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO INFLUENCE YOU.  YOU SHOULD NOT BE INFLUENCED BY ANY PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY, OR SEX.

NOTHING I SAY NOW, AND NOTHING I SAID OR DID DURING THE TRIAL, IS MEANT TO INDICATE ANY OPINION ON MY PART ABOUT WHAT THE FACTS ARE OR ABOUT WHAT YOUR VERDICTS SHOULD BE.



'JAN 3 0 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

I HAVE TAKEN JUDICIAL NOTICE OF CERTAIN FACTS THAT MAY BE REGARDED AS MATTERS OF COMMON KNOWLEDGE. YOU MAY ACCEPT THOSE FACTS AS PROVED, BUT YOU ARE NOT REQUIRED TO DO SO.

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL, AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER, AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

YOU SHOULD USE COMMON SENSE IN WEIGHING THE EVIDENCE AND CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN OBSERVATIONS IN LIFE.

IN OUR LIVES, WE OFTEN LOOK AT ONE FACT AND CONCLUDE FROM IT THAT ANOTHER FACT EXISTS. IN LAW WE CALL THIS "INFERENCE." A JURY IS ALLOWED TO MAKE REASONABLE INFERENCES. ANY INFERENCES YOU MAKE MUST BE REASONABLE AND MUST BE BASED ON THE EVIDENCE IN THE CASE.

SOME OF YOU HAVE HEARD THE PHRASES "CIRCUMSTANTIAL EVIDENCE" AND "DIRECT EVIDENCE." DIRECT EVIDENCE IS THE TESTIMONY OF SOMEONE WHO CLAIMS TO HAVE PERSONAL KNOWLEDGE OF THE COMMISSION OF THE CRIME WHICH HAS BEEN CHARGED, SUCH AS AN EYEWITNESS.

CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A SERIES OF FACTS WHICH TEND TO SHOW WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. YOU SHOULD DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE. ALL THE EVIDENCE IN THE CASE, INCLUDING THE CIRCUMSTANTIAL EVIDENCE, SHOULD BE CONSIDERED BY YOU IN REACHING YOUR VERDICTS.

CERTAIN THINGS ARE NOT EVIDENCE. I WILL LIST THEM FOR YOU:

FIRST, TESTIMONY AND EXHIBITS THAT I STRUCK FROM THE RECORD, OR THAT I TOLD YOU TO DISREGARD, ARE NOT EVIDENCE AND MUST NOT BE CONSIDERED.

SECOND, ANYTHING THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED. THIS INCLUDES ANY PRESS, RADIO, OR TELEVISION REPORTS YOU MAY HAVE SEEN OR HEARD. SUCH REPORTS ARE NOT EVIDENCE AND YOUR VERDICTS MUST NOT BE INFLUENCED IN ANY WAY BY SUCH PUBLICITY.

THIRD, QUESTIONS AND OBJECTIONS BY THE LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER. YOU SHOULD NOT BE INFLUENCED BY ANY OBJECTION OR BY MY RULING ON IT.

FOURTH, THE LAWYERS' STATEMENTS TO YOU ARE NOT EVIDENCE. THE PURPOSE OF THESE STATEMENTS IS TO DISCUSS THE ISSUES AND THE EVIDENCE. IF THE EVIDENCE AS YOU REMEMBER IT DIFFERS FROM WHAT THE LAWYERS SAID, YOUR MEMORY IS WHAT COUNTS.

THE INDICTMENT IN THIS CASE IS THE FORMAL METHOD OF ACCUSING THE DEFENDANT OF AN OFFENSE AND PLACING THE DEFENDANT ON TRIAL. IT IS NOT EVIDENCE AGAINST THE DEFENDANT AND DOES NOT CREATE ANY INFERENCE OF GUILT.

THE DEFENDANT IS CHARGED WITH ONE COUNT OF USING A FACILITY AND MEANS OF INTERSTATE COMMERCE, INCLUDING INTERNET COMMUNICATIONS, A MEANS OF INTERSTATE COMMERCE, TO KNOWINGLY ATTEMPT TO PERSUADE, INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE (COUNT 1) AND ONE COUNT OF KNOWINGLY AND INTENTIONALLY ATTEMPTING TO PERSUADE, INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO TRAVEL IN INTERSTATE COMMERCE TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE (COUNT 2). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 06-20074 |
| | ) | Violations: Title 18, United |
| – | ) | States Code, Sections 2422(b) |
| | ) | and 2422(a). |
| DANNY W. ORR, | ) | |
| | ) | |
| Defendant. | ) | |

**I N D I C T M E N T**

THE GRAND JURY CHARGES THAT:

**COUNT 1**

From on or about July 19, 2006, and continuing to on or about September 11,

2006, in the Central District of Illinois, and elsewhere, the defendant,

**DANNY W. ORR,**

used a facility and means of interstate commerce, including Internet communications, a

means of interstate commerce, to knowingly attempt to persuade, induce, entice, and

coerce a minor who had not attained the age of 18 to engage in sexual activity for which

the defendant could have been charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2422(b).

- 8 -

## COUNT 2

On or about September 5, 2006, in the Central District of Illinois, and elsewhere, the defendant,

**DANNY W. ORR,**

knowingly and intentionally attempted to persuade, induce, entice, and coerce a minor who had not attained the age of 18 to travel in interstate commerce to engage in sexual activity for which the defendant could have been charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2422(a).

THE DEFENDANT IS PRESUMED TO BE INNOCENT OF EACH OF THE CHARGES.  THIS PRESUMPTION CONTINUES DURING EVERY STAGE OF THE TRIAL AND YOUR DELIBERATIONS ON THE VERDICTS. IT IS NOT OVERCOME UNLESS FROM ALL THE EVIDENCE IN THE CASE YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY AS CHARGED. THE GOVERNMENT HAS THE BURDEN OF PROVING THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT.

THIS BURDEN OF PROOF STAYS WITH THE GOVERNMENT THROUGHOUT THE CASE. THE DEFENDANT IS NEVER REQUIRED TO PROVE HIS INNOCENCE OR TO PRODUCE ANY EVIDENCE AT ALL.

THE DEFENDANT HAS AN ABSOLUTE RIGHT NOT TO TESTIFY. THE FACT THAT THE DEFENDANT DID NOT TESTIFY SHOULD NOT BE CONSIDERED BY YOU IN ANY WAY IN ARRIVING AT YOUR VERDICTS.

YOU HAVE RECEIVED EVIDENCE OF A STATEMENT SAID TO BE MADE BY THE DEFENDANT TO LAW ENFORCEMENT AGENTS.  YOU MUST DECIDE WHETHER THE DEFENDANT DID IN FACT MAKE THE STATEMENT.  IF YOU FIND THAT THE DEFENDANT DID MAKE THE STATEMENT, THEN YOU MUST DECIDE WHAT WEIGHT, IF ANY, YOU FEEL THE STATEMENT DESERVES.  IN MAKING THIS DECISION, YOU SHOULD CONSIDER ALL MATTERS IN EVIDENCE HAVING TO DO WITH THE STATEMENT, INCLUDING THOSE CONCERNING THE DEFENDANT HIMSELF AND THE CIRCUMSTANCES UNDER WHICH THE STATEMENT WAS MADE.

YOU HAVE SEEN A VIDEO TAPE RECORDING AND HEARD RECORDED CONVERSATIONS. THESE VIDEO TAPES AND RECORDED CONVERSATIONS ARE PROPER EVIDENCE AND YOU MAY CONSIDER THEM, JUST AS ANY OTHER EVIDENCE.

AS YOU DELIBERATE, IF YOU DECIDE THAT YOU WOULD LIKE TO VIEW ANY VIDEO TAPE OR HEAR ANY OF THE RECORDED CONVERSATIONS, ASK THE MARSHAL IN WRITING AND YOU WILL BE BROUGHT INTO THE COURTROOM WHERE THE REQUESTED VIDEO OR AUDIO TAPE WILL BE PLAYED FOR YOU. YOU ARE NOT REQUIRED TO VIEW THE VIDEO TAPE OR LISTEN TO THE RECORDED CONVERSATIONS, IN PART OR IN WHOLE. YOU MAY RELY, INSTEAD, ON YOUR RECOLLECTION OF THESE VIDEO TAPES AND RECORDED CONVERSATIONS AS YOU HEARD THEM AT TRIAL.

TO SUSTAIN THE CHARGE OF USING A FACILITY AND MEANS OF INTERSTATE COMMERCE, INCLUDING INTERNET COMMUNICATIONS, A MEANS OF INTERSTATE COMMERCE, TO KNOWINGLY ATTEMPT TO PERSUADE, INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE, AS CHARGED IN COUNT 1 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT USED A FACILITY OR MEANS OF INTERSTATE COMMERCE TO KNOWINGLY ATTEMPT TO PERSUADE, INDUCE, OR ENTICE AN INDIVIDUAL UNDER THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY;

SECOND, THAT THE DEFENDANT BELIEVED THAT SUCH INDIVIDUAL WAS LESS THAN 18 YEARS OF AGE; AND

THIRD, THAT IF THE SEXUAL ACTIVITY HAD OCCURRED, THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE UNDER THE LAW OF ILLINOIS AND MICHIGAN.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

TO SUSTAIN THE CHARGE OF KNOWINGLY AND INTENTIONALLY ATTEMPTING TO PERSUADE, INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO TRAVEL IN INTERSTATE COMMERCE TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE, AS CHARGED IN COUNT 2 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT KNOWINGLY ATTEMPTED TO PERSUADE, INDUCE, OR ENTICE AN INDIVIDUAL UNDER THE AGE OF 18 TO TRAVEL IN INTERSTATE COMMERCE TO ENGAGE IN SEXUAL ACTIVITY;

SECOND, THAT THE DEFENDANT BELIEVED THAT SUCH INDIVIDUAL WAS LESS THAN 18 YEARS OF AGE; AND

THIRD, THAT IF THE SEXUAL ACTIVITY HAD OCCURRED, THE DEFENDANT COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE UNDER THE LAW OF ILLINOIS AND MICHIGAN.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

THE SEXUAL ACTIVITY WITH THE MINORS DESCRIBED IN THIS CASE

WOULD HAVE BEEN A CRIME, IF IT HAD OCCURRED, UNDER ILLINOIS AND

MICHIGAN LAW.

TO "ATTEMPT" MEANS THAT THE DEFENDANT KNOWINGLY TOOK A SUBSTANTIAL STEP TOWARD THE COMMISSION OF THE OFFENSE WITH THE INTENT TO COMMIT THAT OFFENSE.

THE INTERNET IS A FACILITY OR MEANS OF INTERSTATE COMMERCE.

AN ACTUAL MINOR VICTIM IS NOT REQUIRED TO PROVE AN ATTEMPT TO PERSUADE, INDUCE, OR ENTICE AN INDIVIDUAL UNDER THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY, AS CHARGED IN THE INDICTMENT. THE DEFENDANT'S BELIEF THAT A MINOR WAS INVOLVED IS SUFFICIENT.

WHEN THE WORD "KNOWINGLY" IS USED IN THESE INSTRUCTIONS, IT MEANS THAT THE DEFENDANT REALIZED WHAT HE WAS DOING AND WAS AWARE OF THE NATURE OF HIS CONDUCT, AND DID NOT ACT THROUGH IGNORANCE, MISTAKE OR ACCIDENT.  KNOWLEDGE MAY BE PROVED BY THE DEFENDANT'S CONDUCT, AND BY ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

THE TERMS "PERSUADE, INDUCE," AND "ENTICE" HAVE PLAIN AND ORDINARY MEANINGS IN THE STATUTE.  YOU MAY USE YOUR ORDINARY UNDERSTANDING OF THESE TERMS TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE FIRST ELEMENT OF THE CRIMES CHARGED, AS I HAVE JUST INSTRUCTED YOU.

INTERSTATE COMMERCE INVOLVES TRAVEL OR TRANSPORTATION

BETWEEN ANY PLACE IN A STATE AND ANY PLACE OUTSIDE THAT STATE.

EACH COUNT OF THE INDICTMENT CHARGES THE DEFENDANT WITH HAVING COMMITTED A SEPARATE OFFENSE.

EACH COUNT AND THE EVIDENCE RELATING TO IT SHOULD BE CONSIDERED SEPARATELY, AND A SEPARATE VERDICT SHOULD BE RETURNED AS TO EACH COUNT. YOUR VERDICT OF GUILTY OR NOT GUILTY OF AN OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR DECISION AS TO ANY OTHER COUNT.

ANY NOTES YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT YOUR NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTIONS OR IMPRESSIONS OF EACH JUROR ABOUT THE TESTIMONY.

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND BE YOUR REPRESENTATIVE HERE IN COURT.

A VERDICT FORM HAS BEEN PREPARED FOR YOU.

TAKE THIS FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN AND DATE THE VERDICT FORM, AND EACH OF YOU WILL SIGN IT.

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

THE VERDICTS MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICTS, WHETHER THEY BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT. IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS. DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND. DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG. BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

UNITED STATES OF AMERICA,     )
     )
     PLAINTIFF,     )
     )
     V.     )     CRIMINAL NO. 06-20074
     )     VIOLATION: TITLE 18, UNITED
DANNY W. ORR,     )     STATES CODE, SECTIONS 2422(b)
     )     AND 2422(a)
     DEFENDANT.     )

## V E R D I C T S

WE, THE JURY, FIND THE DEFENDANT, DANNY W. ORR,

_____ OF THE OFFENSE OF USING A FACILITY AND
  (GUILTY/NOT GUILTY)

MEANS OF INTERSTATE COMMERCE, TO KNOWINGLY ATTEMPT TO PERSUADE,

INDUCE, ENTICE, AND COERCE A MINOR WHO HAD NOT ATTAINED THE AGE OF

18 TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT COULD HAVE

BEEN CHARGED WITH A CRIMINAL OFFENSE.

WE, THE JURY, FIND THE DEFENDANT, DANNY W. ORR,

_____ OF THE OFFENSE OF KNOWINGLY AND
  (GUILTY/NOT GUILTY)

INTENTIONALLY ATTEMPTING TO PERSUADE, INDUCE, ENTICE, AND COERCE A

MINOR WHO HAD NOT ATTAINED THE AGE OF 18 TO TRAVEL IN INTERSTATE

COMMERCE TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH THE DEFENDANT

COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE.

DATE:_____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          FOREPERSON