E-FILED
Monday, 11 February, 2008 11:13:55 AM
Clerk, U.S. District Court, ILCD

OrrSS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) CRIMINAL NO. 06-20074 | |
| | ) | |
| DANNY W. ORR, | ) | |
| | ) | |
| Defendant. | ) | |

FILED

FEB 1 1 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

<u>MOTION FOR A NEW TRIAL</u>

Now comes the Defendant, DANNY ORR, by and through his attorney, SHELDON

SOROSKY, and moves that this Honorable Court enter an order granting the Defendant a new

trial, and in support thereof states as follows:

1. The Court erred by failing to give the jury the sole and only instruction tendered by the

Defendant. A photocopy of this instruction is attached as Exhibit 1.

2. This instruction embodied the Defendant's theory of defense - that the government had

to prove, beyond a reasonable doubt, not merely that the Defendant "knowingly" participated in

conversations about engaging in sexual activity with an individual under the age of 18, but that

the government also had to prove, beyond a reasonable doubt, that the Defendant actually

intended to engage in sexual activity with an individual under the age of 18.

3. The failure to give this instruction coupled with the "essential elements" given by the

Court resulted in the Court instructing the jury to convict the Defendant if the government merely

-1-

proved beyond a reasonable doubt that the Defendant "knowingly" engaged in conversations to have sexual activity with an individual, under the age of 18, without requiring the government to prove, beyond a reasonable doubt, that the Defendant actually intended to engage in sexual activity with an individual under the age of 18.

4.  At trial the Defendant did not deny that he "knowingly" engaged in both "e-mail" and oral telephone conversations wherein his words recited a message to engage in sexual activity with an individual under the age of 18.  However, the Defendant maintained at trial that this was just "talk" and that he had no actual intent to engage in sexual activity with an individual under the age of 18.

5.  The failure to give the instruction tendered by the Defendant, deprived the Defendant of having an instruction relating his theory of defense, and allowed the jury to convict the Defendant if the government proved beyond a reasonable doubt that he merely "knowingly" engaged in conversation, without requiring the jury to consider the Defendant's actual intent.

Respectfully submitted,

SHELDON SOROSKY
Attorney for Defendant, DANNY W. ORR

SHELDON SOROSKY
KAPLAN & SOROSKY, LTD.
158 W. ERIE STREET
CHICAGO, IL. 60610-3703
(312) 640-1776

-2-

E-FILED
Monday, 11 February, 2008 11:14:10 AM
Clerk, U.S. District Court, ILCD

DEFENDANT'S INSTRUCTION

THE DEFENDANT ~~HAS TESTIFIED~~ MAINTAINS THAT ~~THAT~~ HE DID NOT INTEND TO ACTUALLY ENGAGE IN THE SEXUAL ACTIVITY THAT HE WROTE ABOUT AND TALKED ABOUT

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT INTENDED TO ENGAGE IN THIS SEXUAL ACTIVITY THEN YOU SHOULD FIND THE DEFENDANT GUILTY

IF, ON THE OTHER HAND, YOU FIND FROM

THE CONSIDERATION OF ALL THE
EVIDENCE THAT THE GOVERNMENT
DID NOT PROVE BEYOND A REASONABLE
DOUBT THAT THE DEFENDANT INTENDED
TO ENGAGE IN THIS SEXUAL ACTIVITY,
THEN YOU SHOULD FIND THE
DEFENDANT NOT GUILTY.