E-FILED
Monday, 10 March, 2008  03:07:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 06-20074 |
| DANNY W. ORR, | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO MOTION FOR NEW TRIAL**

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its response to the defendant's Motion for New Trial. The government states the following:

1.     In his motion for new trial, the defendant merely renews his claims that the Court erred in refusing to give the defendant's unsupported jury instruction, which provided that the government was required to prove that the defendant intended to engage in sexual activity with a minor. The defendant claims that this instruction supported his theory of defense that he did not intend to engage in sexual activity with a minor.

2.     As the government argued at the jury instruction conference, the elements instruction approved by the Court required the jury to find beyond a reasonable doubt as to Count 1 of the indictment that the defendant "used a facility or means of interstate commerce to knowingly attempt to persuade, induce, or entice an individual under the age of 18 to engage in sexual activity" and that "the defendant believed that such individual was less than 18 years of age." As to Count 2, the jury was required to find beyond a reasonable doubt that defendant "knowingly attempted to persuade, induce, or entice an individual under the age of 18 to travel in interstate commerce to engage in sexual activity" and that "the defendant believed that such individual was less than 18 years of age."

3.     Thus, both counts required the jury to find that the defendant knowingly attempted to persuade a minor he knew to be less than 18 years of age to engage in sexual activity. The defendant's theory that he did not do so was therefore already part of the jury charge. It is not error to refuse a defendant's instruction where his theory is already part of the charge, and the failure to include such an instruction would not deny the defendant a fair trial. United States v. Prude, 489 F.3d 873, 882 (7th Cir. 2007). Accordingly, the defendant's motion should be denied.

WHEREFORE, the United States of America respectfully requests that the defendant's motion be denied.

                Respectfully submitted,

                RODGER A. HEATON
                UNITED STATES ATTORNEY

BY:   s/Timothy A. Bass
       TIMOTHY A. BASS, Bar No. MO 45344
       Assistant United States Attorney
       318 S. Sixth Street
       Springfield, IL 62701
       Phone:  217/492-4450
       Fax: 217/492-4512
       tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on the 10th day of March 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Sheldon Sorosky
    Attorney for Defendant

    s/Timothy A. Bass
    TIMOTHY A. BASS, Bar No. MO 45344
    Assistant United States Attorney
    318 S. Sixth Street
    Springfield, IL 62701
    Phone: 217/492-4450
    Fax: 217/492-4512
    tim.bass@usdoj.gov