OrrDanny

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVSION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 06-20074 |
| | ) |
| DANNY W. ORR, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S POSITION PAPER ON SENTENCING

Defendant, DANNY W. ORR, by his attorney, SHELDON SOROSKY, submits this Position Paper On Sentencing to address matters raised in the Presentence Investigation Report (PSR) and to discuss sentencing considerations that are mandated by 18 U.S.C. 3553, and which in this case support a sentence lower than that suggested by the United States Sentencing Guidelines (USSG).

**The Guidelines are Advisory, Not Mandatory**

Under the United States Supreme Court's decision in *United States v. Booker*, 543 U.S.220, 245-46 (2005), the Sentencing Guidelines are now only "advisory." Under the law today, the factors listed in 18 U.S.C. Section 3553(a) are controlling and must be considered by the court in imposing sentence upon a defendant. The Seventh Circuit has repeatedly held following *Booker* that Section 3553(a) is mandatory to follow. (*United States v. Baker,* 445 F.3d 987, 991 (7th Cir. 2006); *United States v. Dean,* 414 F.3d 725, 729 (7th Cir. 2005) (stating that Section 3553(a), rather than the Guidelines, is mandatory); *United States v. Cunningham,*

429 F.3d 673, 676 (7th Cir. 2005) (explaining that Section (a) is a "directive to the sentencing court").

Following the *Booker* case, judges are no longer bound by the Sentencing Guidelines and no longer limited by the warnings within the Guidelines that discourage or prohibit certain facts from being taken into consideration. Congress had clearly stated that "[n]o limitation shall be placed on the information concerning the background, character, and conduct" of the defendant at sentencing. 18 U.S.C. Section 3661. The law now requires that the reasonableness of the sentence be the ultimate guide to a judge in issuing a sentence, not the correctness of guideline departures as measured against pre-*Booker* decisions. A sentence that would not have been appropriately reached by departure before *Booker* is appropriate today. The primary directive under Section 3553(a) is that the court must impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purpose of sentencing. These purposes include the need to reflect the seriousness of the offense, promote due respect for the law, provide just punishment, create adequate deterrence, protect the public from future crimes of the defendant, and provide the defendant with necessary treatment and training. The wording of Section 3553(a) also directs the court to consider other factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guideline range, pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities, 18 U.S.C. Section 3553(a).

Under the Supreme Court ruling in *Booker* and the Seventh Circuit decisions thereafter, judges cannot simply consider the guideline range and have that be the end of the inquiry. Instead, sentencing judges are now required to consider the Section 3553(a) factors.

## Instant Case

In the instant case the Defendant was convicted of a "talking" crime; the Defendant, first by electronic messages, subsequently in telephone conversations, repeatedly stated what he was "going to do." The spoken word, in and of itself, was the Defendant's criminal conduct. The Defendant never committed any actual physical act of criminal misconduct.

It appears that the Defendant's criminal offense is that of attempt. For example, if the Defendant, in his electronic messages and telephone conversations had spoken about a desire to kill a person (as opposed to training young girls for sexual activity), the Defendant would be guilty of attempt murder, not murder.

There is a lesser punishment for attempt murder than murder.

The facts of the instant case clearly relate an attempt, not the cohate offense, and, therefore, require this Court to follow the dictates of the 18 U.S.C. 3661, and not the harsh suggestions of the Guidelines.

Respectfully submitted,

_____
SHELDON SOROSKY, Attorney for
Defendant, DANNY W. ORR.

SHELDON SOROSKY
KAPLAN & SOROSKY, LTD.
158 W. ERIE STREET
CHICAGO, IL. 60610-3703
(312) 640-1776